## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLIE WILLIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-22-349-SLP |
| | ) | |
| PROGRESSIVE DIRECT INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Billie Willis ("Plaintiff"), pursuant to Fed.R.Civ.P 15(a)(2), and LCvR15.1 hereby submits his Opposed Motion for Leave to File Second Amended Complaint to supplement his factual allegations in support of his claims. In support of this Motion, Plaintiff states as follows:

### Procedural History and Relief Requested

1. Plaintiff originally filed this action in the District Court of Oklahoma County on April 8, 2022.  [Doc. No. 1-2.]

2. On April 20, 2022, Plaintiff filed an Amended Petition in District Court of Oklahoma County.  [Doc. No. 1-5.]

3. On April 28, 2022, Defendant filed its Notice of Removal to this Court. [Doc. No. 1.]

4. On April 28, 2022, Defendant Answered Plaintiff's Amended Petition. [Doc. No. 6.]

5. On June 8, 2022, the Court entered the Scheduling Order providing a Motion to Amend Pleading date of within 30 days of June 8th.  [Doc. No. 13.]

6. Defendant produced the Claim Notes for Billie Willis' Progressive Uninsured/Underinsured ("UM/UIM") claim number 21-3770592 on June 7, 2022.

7. Plaintiff conducted the depositions of Progressive's claims adjuster Michael Roell (October 18, 2022) and Casualty Adjuster and Large Loss Litigation Supervisor Dan McMillen (October 19, 2022).

8. Defendant conducted the deposition of Plaintiff Billie Willis on November 9, 2022.

9. As contained in the Claim Notes and unknown to Plaintiff before June 7, 2022, Progressive is taking a $50.00 credit on Billie Willis' medical bills where the medical provider charged a Lien Filing Fee. Progressive unilaterally deducted a total of $150.00 from the evaluation of Billie Willis' UM/UIM claim.

10. Deposition testimony confirms that this practice of deducting the Lien Filing Fee was taught to and utilized by Progressive adjuster Michael Roell.

> 1 Q. Okay. There's a $50 deduction in all three
> 2 of the lien amounts for Broadway Clinic, Advanced PT,
> 3 and Midtown Imaging. Do you see that?
> 4 A. Yes.
> 5 Q. Why?
> 6 A. That's what I was trained to do.
> 7 Q. By who?
> 8 A. My leadership.
>
> 1 Q. Where in the policy booklet does it say that
> 2 you get to take a credit for the $50 lien fee?
> 3 A. That wouldn't be in the policy booklet.
>
> 9 Q. Where in the 36 OS 3636 that we've talked
> 10 about does it say you get to take a credit for the
> 11 $50 lien fee?

12 A. I don't know. I was just following what I
13 was trained to do.

1 Q. So the $150 deduction on the three liens in
2 Billie Willis's evaluation is based on oral training
3 that you received in regards to taking off the $50
4 lien fees.
5 A. Right.

(*Roell Depo, October 18, 2022*, 73:1-8; 75:1-3, 9-13; 76:1-5, **Exhibit 1.**)

11. Mr. Roell's Progressive Supervisor Dan McMillen confirmed that Progressive does not

consider the Lien Filing Fee to be covered damages in an UM/UIM claim and it is based

on their training.

13 Q Okay. Where in the policy does it say you
14 get to take off the $50 lien fee?
15 A Specifically, I don't know that there's
16 verbiage that says you can take off a $50 lien fee;
17 however, we do not include those in consideration of
18 the economic damages.

1 Q Is it Progressive's position that the $50
2 lien fee is not considered economic damages to their
3 insured?
4 A It's our position that that's not
5 considered medical treatment and doesn't come under
6 the provision of the policy.

6 Q (By Mr. Waddell) On March 8th, 2022, when
7 Mr. Roell made his evaluation of Mr. Willis' claim,
8 what Oklahoma law, Oklahoma statute or -- and I'll
9 leave it at that -- did Progressive rely upon in
10 deducting $150 off of his claim for lien filing fees?
11 A I'm not aware of the specific law. That is
12 our training, that we don't include lien filing fees
13 in the economic damages.

(*McMillen Depo, October 19, 2022*, 38:13-18; 39:1-6; 40:6-13, **Exhibit 2.**)

12. Plaintiff testified in his November 9th deposition that he was responsible to pay the $150.00 in lien filing fees.

13. Accordingly, Plaintiff seeks leave to file a Second Amended Complaint to specifically include Progressive's breach of contract and bad faith actions in reducing Billie Willis' UM/UIM individual evaluation by $150.00 as well as adding claims relating to Progressive's actions in deducting Lien Filing Fees for all Oklahoma UM/UIM claims evaluations as an improper standard business practice.

14. Plaintiff alleged bad faith standard business practices by Progressive in his Amended Petition. [Doc. No. 1-5, ¶¶92-94, 97.]

15. Plaintiff alleged Progressive's bad faith practices resulted in ill-gotten financial benefits requiring disgorgement.  Id. at ¶¶ 92, 95, 97.[1]

16. Counsel have conferred on November 9, 2022. Defendant objects to the filing of a Second Amended Complaint.

---

[1] C. Category II. Where the jury finds by clear and convincing evidence that:

…

  2. An insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured; the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award punitive damages in an amount not to exceed the greatest of:

  a. Five Hundred Thousand Dollars ($500,000.00),

  b. twice the amount of actual damages awarded, or

  c. the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities.

17. A proposed Second Amended Complaint is attached hereto with the additional allegations and material highlighted for the Court and Defendant's convenience as **Exhibit 3**.

## Argument and Authority

**A. Justice requires that the Plaintiff be given leave to amend his complaint.**

In this civil case, there is a search for the truth. *See, e.g*., Fed. R. Civ. P. 1.  The Federal Rules of Civil Procedure freely allow the amendment of pleadings. With regard to Fed.R.Civ.P. 15, after the time for amendment as a matter of course has passed, a plaintiff may amend its Complaint only by obtaining the written consent of the adverse party or leave of Court. FED. R. CIV. P. 15(a)(2). When a plaintiff moves the Court for leave to amend its Complaint, "[t]he court should freely give leave when justice so requires." Id. The purpose of the liberal amendment rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). District courts have wide discretion to allow amendments "in the interest of a just and fair resolution of litigation." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009). Reasonableness of an insurers conduct is the standard for a claim based on the breach of the duty of good faith and fair dealing. Badillo v. Midcentury Insurance Company, 121 P.3d 1080 (Okla. 2005).

At this stage of the litigation Billie Willis need not prove that Progressive's actions in deducting lien fees from UM/UIM valuations is bad faith but only allege that it is

unreasonable, but he should be allowed his "opportunity for each claim to be decided on its merits". <u>Minter</u>, 451 F.3d at 1204.

**B. Plaintiff's amendment involves no prejudice, dilatory motive, or bad faith.**

Plaintiff has timely moved to amend his Complaint based on this new information. The Progressive adjuster and Supervisor were deposed on October 18th and 19th. The thirty (30) days to correct or amend their deposition testimony has not occurred. Fed. R. Civ. P. 30(e).

There is no prejudice to Defendant if the Court allows the above amendments of the complaint. Defendant is aware of the alleged unreasonable conduct undertaken by their employees. Defendant is aware of the training methods it utilizes. Plaintiff requests to specifically include contractual and bad faith allegations related to Progressive's actions in failing to consider the Lien Filing Fees as allowable damages in a UM/UIM claim. This information was not discovered until June 7, 2022, and was not known as a standard business practice until late October. The amendment of the pleadings to specifically include alleged wrongdoing by a Defendant is the type of relief that Rule 15(a) contemplates by allowing all possible claims and causes of action to be determined as a case goes forward.

"[D]istrict courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, [or] futility of [the] amendment.'" <u>U.S. ex rel. Ritchie v. Lockheed Martin Corp.</u>, 558 F.3d 1161, 1166 (10th Cir. 2009)(*quoting* <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

There is no dilatory motive on the part of the Plaintiff, and he has demonstrated good faith by timely bringing these proposed amendments. Finally, leave to amend should be granted because Plaintiff's proposed amendment is not futile. Plaintiff seeks to specifically allege that Progressive has committed improper contractual and unreasonable bad faith actions by wrongfully deducting the lien filing fees from his claim and from other Oklahomans' UM/UIM claims as a standard business practice.

## **RELIEF REQUESTED**

Given the liberal policy of the Federal Rules strongly favoring leave to amend and for the foregoing reasons, Plaintiff moves this Court for an Order granting leave to file a Second Amended Complaint in order to conform with the above requested relief.

Respectfully submitted,

s/ Jason Waddell
Jason Waddell, OBA No. 30761
Jason Waddell, PLLC
222 NW 13th Street
Oklahoma City, OK 73103
Telephone:    (405) 232-5291
Facsimile:     (405) 708-7871
Jason@JasonWaddellLaw.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2022, I electronically transmitted the attached document to the following ECF registrants:

Brad L. Roberson
Paul M. Kolker
Zachary L. Neighbors

s/ Jason Waddell
Jason Waddell
