IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE WILLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV-22-349-SLP ) |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court is the Motion to Compel Discovery [Doc. No. 27] filed by Plaintiff Billie Willis. Defendant Progressive Direct Insurance Company has responded, *see* [Doc. No. 29], and Plaintiff has replied, *see* [Doc. No. 90]. For the following reasons, the Motion is DENIED.

**I.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, relevance and proportionality are the considerations which now govern scope. *See, e.g.*, *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case."). Relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016)

(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Information "need not be admissible in evidence to be discoverable." *Id.*

II.  **Discussion**

Plaintiff moves to compel responses to one interrogatory and two requests for production.  The Court has discussed the factual background of this UM/UIM case in previous Orders.  *See* [Doc. Nos. 87, 101].  Additional factual background will be provided as necessary to resolve the Motion.

i.  **Interrogatory No. 12**

Plaintiff's Interrogatory 12 asks Progressive to:

> Identify each UM/UIM case for bad faith filed against Defendant within the last five (5) years in Oklahoma, wherein it is alleged Defendant failed to properly pay or investigate uninsured/underinsured motorist proceeds, giving for each: the name(s) of the plaintiff(s), the jurisdiction, and the caption of the case, including the civil action number.

[Doc. No. 27] at 5.  Progressive objected to the request on several grounds, *see* [Doc. No. 27-4] at 10–15, but it "stand[s] on only one objection" in its Response, *see* [Doc. No. 29] at 23.  Progressive asserts that "the information Plaintiff seeks is readily available in the public realm, and therefore equally available to Plaintiff as it is Defendant." *Id.* at 23–24.  In support of its objection, Progressive alleges that it "keeps no separate list of UIM bad faith cases filed

against it," so it would need to search publicly available databases to find records of these lawsuits. *Id.* at 24. Plaintiff's Reply does not address this argument.

"It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 680 (D. Kan. 2015); *see also United States v. Se. Okla. State Univ.*, No. CIV-15-324-C, 2016 WL 4250482, at *2 (W.D. Okla. Aug. 10, 2016) ("Request for Production No. 5 seeks public information that is equally available to Defendant as to Plaintiff and therefore is not proper discovery."). Here, Progressive states that it does not keep a separate list of the information Plaintiff seeks. The information is therefore both a matter of public record and equally accessible to all parties. Accordingly, the Motion to Compel is DENIED with respect to this request.

### ii. Request for Production No. 11

Next, Plaintiff seeks "[a]ll documents identified, reviewed, or referred to in preparing [] answers to Interrogatories, with each document segregated as to the relevant Interrogatory." [Doc. No. 27] at 6. While Progressive objected to the request, it nevertheless "produced the entire claim file to Plaintiff." *Id.* And in its Response, Progressive clarified that "the only documentation Jason Deady (the Progressive employee who verified the Interrogatories) reviewed in answering Plaintiff's Interrogatories was Plaintiff's claim file." [Doc. No. 29] at 25; *see also* [Doc. No. 27-4] at 35. Accordingly, the Motion is DENIED AS MOOT with respect to this request. *Cf. Lincoln v. Hartford Fire Ins. Co.*, No. CV 02-738 LH/ACT, 2003 WL 27385260, at *2 (D.N.M. Apr. 29, 2003) (finding discovery request

moot where defendant asserted no responsive conversations existed).

### iii.     Request for Production No. 17

Finally, Plaintiff seeks "five years of 'Claim Information' acknowledgment and request for information letters used by Defendant in Oklahoma for uninsured/underinsured motorist claims." [Doc. No. 27] at 9.  Plaintiff alleges Progressive acted in bad faith in part because it "never requested to speak to him via a recorded statement" before "denying his claim on March 9th." *Id.*  Although Progressive objected to the request, it produced the "'acknowledgment/needs' template[] that Progressive employees edit/tailor to the facts of the particular [UM/UIM] claim presented before said letter is sent to the insured or the insured's attorney." *Id.* at 9–10.  The form letter includes eleven categories of information, and the claims adjusters may delete categories before sending the letter to an insured.  *See id.* at 11.  After Progressive produced this template, Plaintiff clarified that he "want[s] the actual letters sent to UM/UIM claimants . . . showing whether/when/how Progressive asks for a recorded statement in their Request for information to conduct a reasonable investigation." *Id.* at 10–11.

Plaintiff asserts that these letters are relevant to show that Progressive "engaged in a pervasive, consistent pattern to deny claims in bad faith." *Id.* at 13.  Progressive disagrees, arguing the request is irrelevant, not limited in scope, and overly broad such that "responding thereto would be unduly burdensome and expensive." [Doc. No. 29] at 14.  Even assuming the relevance of the documents, the Court agrees the request is not proportional to the needs of the case, particularly considering "the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

First, the importance of *other insured's* claim letters in resolving the issues in *Plaintiff's* case is low, particularly given the fact-based nature of UM/UIM claims. Although those claim letters would show whether a request for a recorded statement was included, they would not provide enough context for that information to be meaningful. For example, the claim letters provide no information about the reasons a recorded statement was or was not requested, whether a recorded statement had already been taken, whether the recorded statement changed the outcome, or even whether Progressive ultimately paid or denied the claim. *See* [Doc. No. 29] at 16. Plaintiff argues "Progressive could not perform an 'accurate evaluation' of a UM/UIM claim involving injuries without speaking to their insured." [Doc. No. 27] at 12. But, as Progressive contends, "[i]t is not bad faith *per se* for an insurance company to evaluate a claim without having first taken a recorded statement of the insured." [Doc. No. 29] at 15; *see also Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1132 (10th Cir. 2012) (affirming judgment as a matter of law in insurer's favor despite absence of a recorded statement). Thus, the only information that the letters would provide— whether a recorded statement was requested in the claim letter—is of little import in isolation.

In contrast, the burden of producing these documents is not insignificant. Progressive's claims manager submitted an affidavit asserting "there are at least 4,183" documents responsive to the request. [Doc. No. 29-29] ¶ 3. He estimated it would take roughly 348.5 hours to retrieve the responsive documents—about nine weeks for one

employee working 40 hours per week. *Id.* ¶ 5. Progressive's former counsel estimated that Progressive would also incur roughly $41,830 in attorney's fees to redact personally identifying information from the letters. *See* [Doc. No 29-30] ¶ 5. In weighing the cost of production against the letters' importance to the issues in Plaintiff's case, the Court determines the request is not proportional.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery [Doc. No. 27] is DENIED.

IT IS SO ORDERED this 24th day of July, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE